COMMISSIONERS OF SEDGWICK COUNTY v. H. W. BAILEY.

1. DIVISION OF COUNTIES; *Bonded Indebtedness; Proceedings to Enforce Collection of Taxes; Party Plaintiff.* The legislature detached from Sedgwick county a portion of its territory, and attached it to the new county of Harvey. It declared that this detached territory should continue liable for a certain proportion of the railroad bonded indebtedness of Sedgwick county, and that the county clerk of Harvey county should annually apportion on the property of this territory the amount of taxes necessary to pay such proportion of the indebtedness. Upon the failure of the clerk of Harvey county to make this apportionment, the Board of County Commissioners of Sedgwick county are proper parties plaintiff in a proceeding by mandamus against him to compel him to perform such duty.

2. ——— *Levy of Taxes.* Under the statute making the apportionment there is no necessity of a levy of taxes by the county commissioners prior to the certificate by the clerk of Sedgwick county, or the apportionment by the clerk of Harvey county.

3. MANDAMUS, *Proper Remedy.* Mandamus is the proper remedy to compel such apportionment.

4. LEGISLATIVE DIVISION; *Validity.* Where the division is only of railroad bonded indebtedness, and there is no proof of the amount of property or of the other indebtedness of the county prior to the division, and no proof of the comparative population or wealth of the detached territory and the remaining portion of the county, it is impossible for this court to say that the division prescribed by the legislature is not just and equitable.

## *Original Proceedings in Mandamus.*

THE *Board of County Commissioners of Sedgwick Co.* filed their petition in this court for a writ of mandamus to compel *H. W. Bailey,* as county clerk of Harvey county, to perform the duty prescribed by § 6, ch. 97, Laws of 1872, and apportion certain taxes upon certain taxable real property detached by said ch. 97 from Sedgwick county and attached to and made a part of said Harvey county. The petition was verified by the county attorney of Sedgwick county. An alternative writ was issued. Upon its return, the cause was heard before this court. *Bailey* did not deny the facts alleged in the petition, but contended that the action could not be maintained.

*H. C. Sluss*, county attorney, for plaintiff:

1. The defendant contends that the amount sought to be levied upon the detached territory has not been levied or determined by any "proper authority." Who, or what, is the proper authority? This is not an ordinary levy of a tax, governed by the general law relative to the levy and collection of taxes. This particular exigency is the result of a special law, and there being no general provision of law applicable to the case, it must be governed by the provisions of such special law. The board of commissioners have no authority in the premises; for as the law now is, they have nothing to do with the determination or levy of taxes to pay the interest on these bonds. (See ch. 68, §§ 16, 17, laws of 1872.) The auditor of state has no authority to estimate or determine the amount, for the law nowhere gives it, either expressly or impliedly. There is no conflict between the provisions of ch. 68, and of § 6, ch. 97, of the laws of 1872. The object and effect of said § 6 was to give Sedgwick county recourse upon the inhabitants of the detached territory for a specified proportion of the bonded indebtedness; and it pointed out the mode of procedure by which such recourse should be obtained. The exact proportion is specified. The data are given, from which the clerk is required to make his certificate. The dividend and divisor are given, and the clerk is required to certify the quotient. He is fully authorized to make the certificate, and when made it is final, except, of course, for mistake or fraud, of which there is no pretense in this case.

2. Another ground relied on by defendant is, substantially, that said § 6, ch. 97, is unconstitutional and void because it contravenes "natural justice." We submit on this point that the legislature had the power to divide Sedgwick county and create Harvey county. It had the power to divide the corporate property of Sedgwick county, if it saw fit. It also had the power to apportion between the two sections the burden of the public debt of Sedgwick county. See Dillon Munic. Corp., §§ 30, 36, 37, 127, 128, 129; Cooley's Const.

Lim., 191. The legislature having the power, and having exercised its legitimate function, it is not the province of the courts to review its action or determine its policy or "justice." Cooley's Const. Lim., 164; Sedg. Const. Law, 182; 3 Kas., 186; 7 Kas., 499.

*Martin & Case*, and *C. S. Bowman*, for defendant:

1. The plaintiff cannot maintain this action, for the following reasons: It does not appear from the alternative writ that the tax claimed to be due from the county of Harvey has been levied or estimated and determined by any competent authority: Laws of 1872, ch. 97, § 6; Laws of 1869, ch. 29, § 3; Gen. Stat., ch. 107, § 72; Laws of 1872, ch. 68, § 16.

2. The action is not prosecuted in the name of the real party in interest: *The State, ex rel., v. Marston*, 6 Kas., 532.

3. If the facts stated in the alternative writ constitute a cause of action at all, in favor of the plaintiff, it has a plain and adequate remedy in the ordinary course of the law: *The State, ex rel., v. McCrillis*, 4 Kas., 258.

4. The apportionment of property and indebtedness of the county of Sedgwick as made by the legislature, (ch. 97, § 6, laws of 1872,) is inequitable and unjust.

The opinion of the court was delivered by

BREWER, J.: This is an application made to this court for a mandamus compelling the defendant as county clerk of the county of Harvey to apportion, upon the taxable property situate in that portion of Harvey county which was detached from Sedgwick county, the amount of taxes necessary to pay that proportion of the interest due on the railroad bonds of Sedgwick county which was assigned to the detached territory by the act of the legislature of 1872. (Laws 1872, p. 184, ch. 97, § 6.) The defendant raises four objections to the allowance of the writ. He insists that the plaintiff has no interest in the subject-matter of the action. The bonds were issued by the county of Sedgwick, and that body corporate

41—11 KAS.

and politic stands as the nominal debtor for the entire amount.
The territorial limits of that county were by the act of 1872,
diminished, and by the same act a proportionate share of the
bonded liability was imposed upon the detached territory.
This was not an imposition of a new burden, but a division
of one already existing. As the detached portion did not
constitute by itself a county, the burden was not imposed on
the county at large, but a new method was devised of col-
lecting the necessary amount of taxes from the detached
portion, that is, by requiring the county clerk of Harvey
county to apportion upon the detached territory the amount
due therefrom as certified by the county clerk of Sedgwick
county. If Sedgwick county paid in full, it could bring no
action against Harvey county, and it is doubtful whether
outside of this statutory remedy it would have any relief at
all. The bondholders were not compelled to sue out separate
writs against Sedgwick county, and whoever stood as the rep-
resentative of the detached territory. They could compel
full payment directly from the sole nominal debtor. Neither
was there anything like the relation of principal and surety
between Sedgwick county and this detached territory. Each
was equitably the principal so far as its proportion was con-
cerned. Under these circumstances we think Sedgwick
county had such an interest that it could maintain this action.

A second objection is, that "the tax claimed to be due has
never been levied or estimated and determined by any com-
petent authority." The statute reads that "the county clerk
of Sedgwick county shall annually certify to the county clerk
of Harvey county the amount of taxes to be levied on the
territory so detached to pay the interest," etc., "and the
county clerk of Harvey county shall apportion," etc. This
has been done. The objection really is, that the commis-
sioners have not made a levy. This, so far as the detached
territory is concerned, is we think unnecessary. The county
clerk of Sedgwick county simply divides the amount due for
interest or principal by the fraction which measures the sep-
arate liability, as provided by the statute, and certifies the

quotient to the clerk of Harvey county. This is all the levy which the statute provides for the detached territory.

A third objection is, that mandamus is not the proper remedy. It seems to us that it is the proper, if not the only real remedy. It is a ministerial duty which the county clerk has to perform, and it is a duty whose performance is of vital interest to the plaintiff in this action.

The fourth and last objection is, that "the apportionment of the property and indebtedness of the county of Sedgwick, as made by the legislature is inequitable and unjust." The provision in regard to such division is, that "the territory so detached shall pay the same proportion of said indebtedness as the length of the Wichita and Southwestern Railroad within the county of Harvey bears to the entire length of said railroad between Newton and Wichita." There is no division of property, nor on the other hand is there any division of indebtedness other than that of railroad bonds. We are not advised as to the amount of property held by Sedgwick county, or the amount of its indebtedness; neither are we informed of the comparative wealth or population of the detached strip, and the balance of the county of Sedgwick. Under these circumstances it is impossible to say that the division is other than just and equitable, even if the matter were not wholly under legislative control. As to the power of the legislature, see Dillon on Munic. Corp., §§ 36, 127, 128, 129, and notes; Cooley Const. Lim., 191, 193, and notes. These are all the objections raised by the defendant to the allowance of the writ, and none of them appear to us sufficient.

The peremptory writ must therefore be awarded as prayed for.

All the Justices concurring.