HARRY B. FORD, PROSECUTOR, v. JAMES S. GILBERT ET AL., COMMISSIONERS, AND JOSEPH R. MALONE, CITY CLERK OF THE CITY OF BORDENTOWN, RESPONDENTS.

Submitted July 6, 1916—Decided December 28, 1916.

1. Under the sixteenth section of the Commission Government act (*Pamph. L.* 1911, *p.* 462) and the supplement of 1915 (*Pamph. L., p.* 622), regulating the matter of the presentation and passage of an "initiative ordinance," the first step in which is the filing of a petition with the city clerk, signed by fifteen per cent. of the voters of the city at the last general election, it is the duty of the city clerk to examine the petition to ascertain if it conforms to the requirements of the act, and if he determines that the petition does not so conform, he must return it to the agent who filed it for correction, after which correction it may again be filed within ten days of its return.

2. By section 11 of the supplement of 1915 (*Pamph. L., p.* 630) the clerk is required, if he believes a petition is defective, and before returning it, to present his objections to the justice of the Supreme Court holding the circuit in which the municipality is situated, who is to pass upon such objection summarily, and make an order sustaining or overruling the objection.

3. Where a petition for an "initiative ordinance" was filed with the city clerk, signed by the requisite number of voters, and later another petition, signed by some of those who signed the original, was filed, asking that their names be withdrawn therefrom, and the city clerk then certified to the board of commissioners that the petition first filed was insufficient, such action was wholly without authority, and a resolution of the board of commissioners, granting the request of withdrawal, and directing the clerk to strike from the original petition on file the names sought to be withdrawn, will be set aside.

---

On *certiorari*.

Before Justices SWAYZE, MINTURN and KALISCH.

For the prosecutor, *John H. Hutchinson, Joseph S. Swaim* and *James V. Herron.*

For the respondent, *Nelson B. Gaskill.*

The opinion of the court was delivered by

KALISCH, J.  The prosecutor seeks in this proceeding to reverse the action of the city clerk of Bordentown, who, on a petition filed by the prosecutor for an initiative ordinance, certified as follows:

"BORDENTOWN, N. J., May 31st, 1915.
*"To the board of commissioners of the city of Bordentown:*

"This is to certify that I have examined the attached petition for an 'initiative' ordinance and find that it is insufficient as required by the act regulating and providing for the government of cities, towns, boroughs and other municipalities within this state, chapter 221, laws of 1911, and supplements thereto.      JOSEPH R. MALONE, *City Clerk."*

The petition was filed on May 21st, 1915. It is conceded that at the time the petition was filed there was attached to it the requisite number of signers, namely, fifteen per cent. of the voters of the city at the last general election.

The statutory period of ten days within which it was the duty of the city clerk to examine the petition and certify to the commissioners the sufficiency of the signers expired at midnight on May 31st, 1915. It appears that late in the afternoon of that day, and prior to the meeting of the commissioners, there was presented to the city clerk a petition signed by twenty-one voters who had signed the original petition, stating that they had signed such original petition under a misapprehension and asking that their names be withdrawn therefrom.

The petition was filed under the sixteenth section of an act entitled "An act relating to, regulating and providing for the government of cities, towns, boroughs and other municipalities within this state," approved April 25th, 1911 (*Pamph. L., p.* 462), which section provides as follows: "Any pro-

posed ordinance may be submitted to the board of commissioners by petition signed by electors of the city equal in number to the percentage hereinafter required. The signatures, verification, authentication, inspection, certification, amendment and submission of such petition shall be the same as provided for petitions under the last section." (The section referred to is section 15 of the act, page 476, under the caption, "Recall.") Section 16 then further prescribes, that if the petition accompanying the proposed ordinance be signed by electors equal in number of fifteen per centum of the votes cast at the last preceding general election, and contains a request that the said ordinance be submitted to a vote of the people if not passed by the board of commissioners, it shall be the duty of the board either to pass such ordinance or call a special election, unless a general election is fixed within ninety days thereafter, at which election, either general or special, such ordinance shall be submitted without alteration to the vote of the electors of the city.

In April, 1915, the legislature passed a supplement to the act of 1911, entitled "A supplement to an act entitled 'An act relating to, regulating and providing for the government of cities, towns, townships, boroughs, villages and municipalities governed by the board of commissioners or improvement commissioners in this state,' approved April 25th, 1911, the title of which was amended to read as above by act approved April 2d, 1912." *Pamph. L.* 1915, *p.* 622.

The act of 1915 makes some changes in the procedure prescribed in the act of 1911. The act of 1915 is applicable to the present proceeding. The provisions contained therein as to recall petitions are also applicable to provisions to initiative ordinances.

Now, again referring to the undisputed facts of the case, it appears that upon the presentation of the petition asking for the withdrawal of the names of the petitioners from the original petition, the city clerk prepared a certificate of insufficiency and at the meeting of the commissioners on that night presented to the commission the petition, withdrawing signatures from the original petition without first presenting

the original petition filed with him. The commissioners then proceeded to pass a resolution granting the request for withdrawal and authorized the clerk to strike from the original petition on file the names of those signers thereto who requested such withdrawal.

The city clerk and commissioners appear to have acted in a wholly unauthorized manner.

Section 2 of the act of 1915, page 623, makes it the duty of the city clerk to examine the petition to ascertain if it conforms with the requirements of the act. It accords him ten days within which to complete his examination after the receipt of the petition. If he determines that the petition does not conform with the requirements of the act, then he is charged with the duty to return it to the agent or agents who filed it for the purpose of correction, which correction may be made and the petition again filed within ten days of its return by the clerk.

And, by section 11 (on *p.* 630), the clerk is required, if he shall believe a petition to be defective, and before returning it, to present his objections, in writing, to the justice of the Supreme Court holding the circuit in which the municipality is located. The justice is required to proceed summarily to examine the objections of the city clerk and to forthwith make an order sustaining or overruling any or all of the objections, which order is final and binding on all parties concerned.

It is not pretended in the present case that any of the requirements of the statutes referred to were complied with in that regard.

In lieu of following out the provisions of the act, the clerk took it upon himself to present the withdrawal petition to the commissioners, and after the resolution was passed by the commissioners permitting the withdrawal of twenty-one of the original signers, he issued his certificate that the petition was insufficient.

The statute imposes the duty upon the clerk to examine the petition and ascertain whether it is in conformity with the requirements of the statute. After he has done this if he

accepts and files the petition the first step in the matter is completed and jurisdiction vests. It is then too late for signers to withdraw.

*Currie* v. *Atlantic City,* 66 *N. J. L.* 140; affirmed by the Court of Errors and Appeals (on *p.* 671). See also *Wilson* v. *Collingswood,* 80 *Id.* 626, where Mr. Justice Parker has collated the cases upon the subject under discussion.

The resolution of the board of commissioners permitting twenty-one of the signers to withdraw from the original petition was unwarranted.

It is, however, clear that full relief cannot be given to the prosecutor under this proceeding. It appears that the original petition is on file with the clerk. If the clerk fails or refuses to perform the duties required of him by statute, *mandamus* is the proper remedy to enforce obedience.

The resolution of the board permitting the withdrawal of signers to the original petition filed with the clerk will be set aside, with costs.