[No. 14126.  Department Two.  August 17, 1917.]

H. V. ROMINGER *et al.*, *Appellants*, v. C. H. NELLOR, *Auditor of Skamania County, Respondent.*[1]

OFFICERS—RECALL—PETITION—WITHDRAWAL.  Electors signing a petition for the recall of a county commissioner have the right to withdraw their names prior to the date fixed by the county auditor for canvassing the names.

SAME—RECALL—PETITIONS — WITHDRAWAL OF NAMES — DUTY OF AUDITOR.  Petitions withdrawing the names of electors from a recall petition must be considered although the names were not initialed by the registration officers as required on the recall petitions, it being necessary only that the auditor satisfy himself that the person purporting to withdraw is the elector who signed the original petition.

Appeal from a judgment of the superior court for Skamania county, Darch, J., entered February 15, 1917, denying a writ of mandamus to compel the county auditor to count the names of signers withdrawn from recall petitions. Affirmed.

*H. W. Arnold*, for appellants.

*E. E. Shields* and *Miller & Wilkinson*, for respondent.

FULLERTON, J.—This is an appeal from a judgment of the superior court of Skamania county, refusing an application for a writ of mandate.  The facts which gave rise to the controversy are, in substance, these:  On May 27, 1916, the appellants filed with the respondent, as county auditor of Skamania county, formal written charges against one of the county commissioners of the county named, averring therein that the commissioner had been guilty of malfeasance and misfeasance in office and guilty of violating his oath of office, stating the acts of misconduct with sufficient detail to comply with the requirements of the statute relating to the recall and discharge from office of county officers by a special election.  Subsequently such proceedings were had pursuant to the statute as to result in the filing of petitions with the respondent auditor containing a sufficient number of names of the qualified voters of the county to require that

[1] Reported in 167 Pac. 57.

officer to call a special election for the purpose indicated. The petitions were filed with the auditor on November 6, 1916, and on that date he notified the appellants that he would proceed to canvass the petitions on Wednesday, November 15, 1916. Between the date of filing the petitions and the date fixed by the auditor for canvassing the same, certain of the signers of the petitions filed other petitions addressed to the county auditor, directing him to withdraw their names from the recall petitions and not to count them in making the canvass of the petitions. On making the canvass, over the objection of the appellants, the auditor refused to count the persons who had indicated their purpose to withdraw, the result being that an insufficient number of signatures was left thereon to authorize the calling of the special election. The auditor made a certificate to that effect and notified the appellants, as filers of the petition, of his action. The proceedings in mandate before indicated were thereupon instituted.

The first question presented is whether electors, after having signed a petition for the recall and discharge from office of an elective officer, can withdraw from the petition and thereby prevent their names from being counted as electors favoring the recall. The learned counsel for the appellants has presented an argument in favor of the negative of the proposition, in which the reasons sustaining that view are ably and persuasively set forth. We shall not, however, attempt an answer in detail. This court is committed to the other view. In *State ex rel. Mohr v. Seattle*, 59 Wash. 68, 109 Pac. 309, we had before us the question of the right of an elector to withdraw from a referendum petition. We upheld the right, saying it was sustained by the better reason and by the overwhelming weight of authority. The court also quoted with approval from the case of *County Court of De Kalb County v. Pogue*, 115 Ill. App. 391, a case involving the right to withdraw from a petition asking that an election be called at which the question of the removal of a

county seat could be submitted, where the reasons for the rule were stated in the following language:

"Signatures to such petitions are easily obtained. Ordinary experience teaches that, in matters which do not seem closely to touch themselves, many persons sign petitions without sufficient consideration and inquiry, and if the subject afterwards becomes a matter of public discussion so that their attention is carefully drawn to the reasons for that for which they have petitioned, they often then conclude that they have been hasty in signing, or are in error, or that they do not wish the petition granted. In the case before us, the signatures were purely voluntary. The signers received no consideration for joining in the petition. The petition contained no promise of any kind. The rule governing mutual subscriptions of money is not applicable. One signature was not a consideration for another signature. What good reason is there why one who has changed his mind since signing such a petition, and who concludes that either the public good or his own interest is not in harmony with the petition, may not recede from his signature before action taken thereon? The rule which permits a withdrawal at any time before final action upon the petition is much more likely to get at the real and mature judgment of the voters, and it is calculated to discourage a hasty presentation of a petition for signatures without a full disclosure of the real merits of the question."

In the opinion, moreover, it was shown that the right of withdrawal had been recognized in a variety of instances, such, for example, as petitions for the sale of intoxicating liquors, petitions for changing or removing county seats, petitions for the organization of turnpike companies, petitions for the establishment of public roads, petitions for public improvements, petitions for the sale of bonds, petitions for local option elections, and petitions for disincorporating towns. To these we may add petitions for the recall of public officers (*Hay v. Dorn*, 93 Kan. 392, 144 Pac. 235), and petitions to establish a commission form of government (*Stockard v. Roswell*, 16 N. M. 340, 117 Pac. 846, 35 L. R. A. N. S. 1113).

There can be no difference in principle between the cited case and the case at bar. If the right exists to withdraw from a petition asking that an ordinance of a city be referred to the electors of the city, it exists to withdraw from a petition asking that an election be called to determine whether a county officer shall be recalled and discharged from office.

Another question is the timeliness of the withdrawals. It will be seen from the facts stated that the withdrawal petitions were filed with the auditor after the filing of the original petitions but before he had commenced a canvass of the same, and it is contended that the withdrawal petitions should have been filed before or along with the original petitions. The reason usually given for requiring a timely filing of the withdrawal petitions is that there may be no unnecessary delay in the proceedings. But this reason does not support the appellants' contention. By the provisions of the statute, the auditor must fix a time at which he will commence a canvass of the petition, and no delay in the canvass will be caused by recognizing withdrawals filed prior to that time, whether filed before or after the filing of the original petitions.

Finally, it is contended that the withdrawal petitions should not have been considered because the names thereon were not initialed by the registration officers as required of signatures on the recall petitions. But the purpose of requiring that the signatures be thus initialed was to insure that the signers of the petitions are legal electors of the county. No purpose would be served by requiring that the signatures be initialed a second time. The auditor, before he recognizes a withdrawal, must satisfy himself that the person purporting to withdraw is the elector who signed the original petition. This he may do from such evidence as will satisfy his conscience; he is not confined to any particular form of proof.

The judgment is affirmed.

ELLIS, C. J., MOUNT, HOLCOMB, and PARKER, JJ., concur.