STATE EX REL. MATZDORF ET AL. *v.* SCOTT ET AL.

No. 2875

March 29, 1930.                    286 P. 119.

*F. A. Stevens,* City Attorney, and *Stevens, Henderson & Nolan,* for Respondents:

*A. A. Hinman,* for Relators:

## OPINION

By the Court, DUCKER, C. J.:

In our former opinion we held that the petitions for recall in this case were properly filed with the city clerk of Las Vegas by virtue of a part of section 8 of "An Act relating to elections and removals from office," approved March 31, 1913, which reads as follows: "All nomination papers provided for by this act shall be filed as follows. * * * 3. For city officers, in the office of the city clerk or secretary of the legislative body of such city or municipality." Stats. 1913, p. 514, c. 284, subc. 3.

In their petition for rehearing respondents contend very earnestly that the provision stated has been repealed. It is insisted that the act of the legislature entitled, "An Act relating to elections," approved March 29, 1915 (Stats. 1915, p. 463, c. 285), is a complete revision of said act of 1913, and that, as the provision for filing nomination papers for city officers was omitted from the act of 1915, a repeal by implication was effected. In support of this contention counsel quotes from Gill v. Goldfield Consol. Mines Co., 43 Nev. 1, 176 P. 784, 786, 184 P. 309, where this court said: "When a statute is revised, or one act framed from another, some part being omitted, the parts omitted are not revived by construction, but are to be considered as annulled."

That is a statement of the general rule. The rule must be taken, however, in connection with the intention of the legislature as to the entire act. If it is plain that it is the legislative intent in the later act to embrace the whole subject, then "what is not included in the later act must be held to have been discarded." 1 Lewis' Sutherland, Statutory Construction, sec. 270. We do not think that any such intention

is manifested in the act of 1915 as to the provision challenged.

A statute should be construed so as to avoid absurd results. Escalle v. Mark, 43 Nev. 172, 183 P. 387, 5 A. L. R. 1512. It would charge the legislature with an absurdity to hold that it was intended by the omission of the provision in question from the act of 1915 to annul it and create a situation whereby an incorporated city might be left without an adequate method for holding an election for city officers.

Repeals by implication are not favored, and should not be declared, except in cases free from doubt.

The petition for rehearing is denied.