STATE OF MISSOURI EX REL. GEORGE C. JOHNSON, RELATOR, v. CHARLES W. REGAN, CITY CLERK, ETC., RESPONDENT.—76 S. W. (2d) 736.

Kansas City Court of Appeals. November 13, 1934.

238

Samuel W. Liske for relator.

George W. Kingsley, City Counselor, and Marcy K. Brown, Jr., Assistant City Counselor, for respondent.

SHAIN, P. J.—This is an original action in mandamus insituted in this court by the State of Missouri, at the relation of George C. Johnson, a citizen of Kansas City, Missouri, to compel the city clerk to certify as sufficient an original petition proposing an ordinance requiring. the city manager to prepare plans and specifications for a publicly owned gas distribution plant.

The city of Kansas City, Missouri, had adopted and is operating under a special charter. Under the provisions of Article XVII of the city charter, direct legislation is reserved to the people of Kansas City, Missouri, through the initiative, referendum and recall.

Under the provisions of the charter of Kansas City, Missouri, it is required that a petition of referendum to be effective must be signed by the electors of the city equal to at least five per cent in number of the total vote cast for mayor at the last preceding regular municipal election.

According to the pleadings and issues herein presented, the pertinent sections of the charter of Kansas City, Missouri, adopted February 24, 1924, are contained in Article XVII relating to initiative, referendum and recall and are as follows:

"Sec. 426—Any new ordinance or any ordinance to amend or repeal, in whole or in part, any existing ordinance, may be submitted to the council by petition signed· by electors of the city equal in number to at least five per cent of the total vote cast for candidates for the office of mayor at the last preceding regular municipal election.   Each petition paper shall contain the proposed ordinance in full and all papers for each petition shall be uniform in character.

"Sec. 427—Such petition shall be examined by the city clerk and if it be found sufficient by him he shall so certify and submit the ordinance·set forth therein to the council at its next meeting.   If the council shall fail to pass such ordinance within sixty days after such submission, or shall pass it in a form different from that set forth in the petition, the committee of petitioners hereinafter provided for may require that it be submitted to a vote of the electors in its original form.   If the committee of petitioners require the submission of the proposed ordinance to the electors, they shall so certify to the city clerk within ten days after the final action by the council or expiration of the sixty-day period.

"Sec. 442—The Signatures to an initiative, referendum or recall petition need not all be appended to one paper, but to each separate petition paper there shall be attached an affidavit of the circulator thereof as provided by this section.   Each signer of any such petition paper shall sign his name in ink or indelible pencil and shall indicate after his name his place of residence by street and number, or other description sufficient to identify the place.   The affidavit attached to the petition paper shall be substantially in the following form:

"State of Missouri, County of Jackson—ss.

"I, ..................., being first duly sworn, under oath state that the following named persons, to-wit (Here shall be legibly written or typewritten the names of the signers of this petition paper):

"1.   ...............................................
"2.   ...............................................
"3.   ...............................................
"Etc.

signed the foregoing petition paper, and each of them signed his or her name thereto in my presence; I believe that each has stated his or her name and address correctly and that each signer is an elector of Kansas City, Missouri (or of the district if the petition is for the recall of a member of the council from a district).

"Signed ...................

''Subscribed and sworn to before me this ...... day of .........., 19....................

''..................

''Notary Public.

''Sec. 443—All petition papers comprising an initiative, referendum or recall petition shall be assembled and filed with the city clerk as one instrument. Each petition paper shall include as a part thereof a statement giving the names and addresses of five electors of the city who, as a committee of petitioners, shall be officially regarded as filing the petition. Within ten days after a petition shall have been filed, the clerk shall determine its sufficiency and shall attach thereto a certificate showing the result of his examination. If he shall certify that the petition is insufficient, he shall set forth in the certificate the particulars in which it is sufficient and shall at once notify the committee of the petitioners of his findings.

''Sec. 444—If the city clerk shall find an initiative, referendum or recall petition to be insufficient, the committee of petitioners may at any time within ten days after the making of a certificate of insufficiency by the city clerk, file a supplementary petition upon additional papers as provided in case of an original petition. The clerk shall within five days after such a supplementary petition is filed, make examination of such a supplementary petition and, if his certificate shall show the petition as supplemented still to be insufficient, he shall file it in his office and notify the committee of the petitioners of his finding and no further action shall be had on such insufficient petition. The determination that any petition is insufficient shall not prejudice the filing of a new petition for the same purpose.''

It stands admitted under the pleadings that at the last preceding municipal election 146,845 votes were cast for mayor and the requisite number of electors required was 7,342.

It stands admitted that on March 26, 1934, an initiative petition purporting to be signed by 7,592 electors of Kansas City, Missouri, was duly filed and that said petition was in due form as to setting forth the proposed ordinance. It further stands admitted that on May 3, 1934, there was duly filed a supplementary initiative petition which was signed by 3,780 names purporting to be electors of Kansas City, Missouri.

It is shown that the city council extended by ordinance the time of two weeks for the city clerk to comply with the duties in checking the signatures, that within that time limit to-wit, on April 23, 1934, the checking of names was completed and the clerk certified that, having canvassed the petition and each name appearing thereon, he found the total number of electors, who had regularly signed, was 5,102 and therefore fell short of the required five per cent.

It appears that the relator applied to the Circuit Court of Jackson County, Missouri, for a writ of mandamus to compel respondent to certify the aforesaid petition as sufficient. This proceeding is shown to have been abandoned and thereafter the supplemental petition above referred to was filed on May 3, 1934, as aforesaid.

It is shown that the respondent canvassed the supplementary petition and on May 14, 1934, certified both the original and supplementary petitions as insufficient in that respondent found the two petitions, when taken together, fell short of the required five per cent of electors of the city.

Thereafter an application for a preliminary writ was made to Judge TRIMBLE of this court; said writ was issued out of this court and made returnable May 31, 1934.

Return was duly made by the respondent on said May 31st, and on the same date the relator filed a reply to said return in which he admits in part and denies in part the matters set forth in said respondent's return. However, on the same date to-wit, May 31st, the relator filed a motion for judgment on the pleadings and oral argument was had at the October term, 1934, of this court and the case submitted on relator's motion for judgment on the pleadings.

### OPINION.

This court fully realizes the rights of the people of Kansas City, Missouri, to legislate under the provisions of the initiative petition. We further conclude that this court has power by mandamus to compel the City Clerk of Kansas City, Missouri, to perform any purely ministerial duty commanded to be done by the provisions of the charter.

It stands admitted in this case that there were the names of a sufficient number of people on the petitions in issue to meet the requirements of the law. However, the names of people will not suffice, unless a sufficient number are electors of the city. It therefore follows that if the City Clerk of Kansas City, Missouri, who is the respondent herein, has no power to determine who are and who are not electors on initiative petitions it then, of course, follows that he must certify to the city council as sufficient any petition having a requisite number of persons thereon, regardless of whether electors or not.

The respondent in his return herein duly sets forth that he canvassed the initiative petitions in issue and found them insufficient and further sets forth in detail his various reasons for rejecting specified groups. In other words, the respondent affirmatively alleges that he found the initiative petitions insufficient and assigns reasons therefor.

The respondent further answering says, that he is vested with discretion and *quasi*-judicial powers under the charter to determine

the sufficiency of initiative petitions; that his duties are not purely ministerial; that he exercised such discretion and *quasi*-judicial powers in his determination of the number of qualified names of said petition and in making his certificate to the council.

Section 443 of Article XVII, same being set out in full above, is clearly to the effect that the clerk shall determine the sufficiency of initiative petitions filed and certify the result of his examination, etc.

The respondent in his return avers full compliance with the provisions of the city charter especially to the provisions of Section 443, aforesaid.

The relator in a printed statement, brief and argument sets out under ''Points'' over twenty-seven pages of enumerated matter under heads and sub-heads supported by twenty-two pages of citations, including the Magna Charta, Preamble to the United States and Missouri Constitutions, the Declaration of Independence, Missouri reports, United States reports, court rules and citations from reports of thirty-nine sister states and also citations from English cases.

In addition to the above, the relator having permission to file a typewritten brief has supplemented the above with fifty-three closely typed pages. Characteristic of the relator's printed brief is the fact that no citations follow the statements in the many points presented under heads and sub-heads and the court is left to glean, presumably by a careful reading of the full text of each of the citations cited in bulk in the twenty-two pages, as to the particular citation applicable to the points presented in the twenty-seven pages of heads and sub-heads.

Confronted with the stupendous task, as presented above, necessity being the mother of invention, to have resorted to methods akin to what in common parlance may be designated as labor-saving device. In so resorting, we have carefully scrutinized the pleadings and conclude that many points are made and much authority cited, of and concerning matters not properly before us on a motion for judgment on the pleadings.

After a systematic search of the abstract of record filed by the relator and an examination of relator's statement and brief, we conclude that the issues presented for our determination are presented in the claim urged by the relator to the effect that respondent's duty, touching the initiative petitions in issue, consisted in performing the ministerial act of adding up the names on said petition and, if there were the required number of signers thereto, it was incumbent upon the respondent as city clerk to certify same as sufficient. In other words, the position taken by the relator is to the effect that under the city charter the duties of the city clerk, in connection with his certification of initiative petitions, are simple

ministerial duties which only empower him to examine the petition, add up the names of the signers and certify the results of his findings without exercising any judgment or discretion as to whether or not the signers are electors of the city; whether or not any duplications exist; whether or not signatures are authentic; whether or not addresses are given for each signer or that any other of the charter requirements are complied with.

On the other hand, the respondent contends that he is vested with discretion and *quasi*-judicial powers under the charter to determine the sufficiency of initiative petitions; that his duties are not purely ministerial and that he exercises such discretion and *quasi*-judicial powers in his determination of the number of qualified names of said petition and in making his certificate to the council.

Let us say in passing, if it be concluded that the courts of Missouri have spoken with enough clarity as to be decisive of the issues herein involved, it will be needless for us to harmonize with the provisions of the Magna Charta, Declaration of Independence or with voluminous decisions cited from our sister states.

The relator has cited many decisions of the courts of Missouri, wherein the provisions of initiative and referendum, Chapter 62, Revised Statutes of Missouri, 1929, are involved.

Under the provisions of the above chapter, the law imposes certain ministerial duties upon the Secretary of State but vests no duty in him to determine the sufficiency of any initiative petition filed. Section 10705 of the said chapter provides that if the Secretary of State fails to accept and file them, any citizen can apply to the circuit court for writ of mandamus to compel acceptance and filing and the circuit court is given jurisdiction to determine the sufficiency thereof.

The courts of Missouri are all of accord that the Secretary of State has no judicial or *quasi*-judicial duty in respect to passing on initiative petitions filed under the provisions of aforesaid chapter.

Section 443 of Article XVII of the city charter of Kansas City, Missouri, expressly provides that the city clerk shall determine the sufficiency of initiative petitions when filed.

The question of the constitutionality of this section is not and could not be before this court for determination in this proceeding. It follows, therefore, that in determining the nature of the duty to be performed by the clerk requires of us a construction of the section. In so construing, we, of course, must heed and take into consideration such statutory provisions as throw light on the sub ject and also give consideration of what our courts have heretofore expressed on the subject.

Section 6449, Revised Statutes of Missouri, 1929, provides method of initiative petition in cities of the first class and in said section it

is provided that the clerk shall attach to the petition his certificate of sufficiency.

Section 6508, Revised Statutes of Missouri, 1929, provides method of certification in cities of the second class. In said section it is provided, as follows:

"Within ten days from the date of filing such petition, the city clerk shall examine and from the registration books ascertain whether or not said petition is signed by the requisite number of registered electors, and if necessary, the council shall allowed him extra help for that purpose, and he shall attach to said petition his certificate, showing the result of said examination."

Under the provisions of Section 6925 of Article VI, Revised Statutes of Missouri, 1929, there is also provided for legislation by the initiative petition and it is therein provided for the clerk to attach his certificate of sufficiency.

The language used in the city charter of Kansas City, Missouri, does not conform with the language used in any of the above mentioned sections of our statutes.

The language of the Kansas City charter more nearly conforms to that quoted above from Section 6508, Revised Statutes of Missouri, 1929. It will be noted that Section 6508 directs the clerk to ascertain from the registration books, while the provisions of Section 443 of Article XVII of the charter of Kansas City, directs that "the clerk shall determine its sufficiency and shall attach thereto his certificate, etc." It will be noted that the City Clerk of Kansas City, under the charter, is not confined or directed as to the source from which he shall base his conclusions. In other words, the commission is broader in scope than are the provisions of Section 6508 of our Revised Statutes of Missouri, 1929.

The nature of the duty to be performed by the City Clerk of Kansas City, Missouri, is the same as the duty prescribed by the above Missouri statute. As to the nature of this duty, the courts of Missouri have heretofore spoken.

The matter of construction of the provisions of Section 6508, Revised Statutes of Missouri, 1929, was before the Springfield Court of Appeals in the case of Degley v. McIndoe, 190 Mo. App. 166. At l. c. 175, of the opinion, it is said:

"To begin with, the petition is filed with the clerk. He is given ten days, not only to examine, but to 'ascertain whether or not said petition is signed by the requisite number of registered electors;' so that the clerk is required to do more than a mere ministerial act of counting names on the petition; he must 'ascertain'—an act judicial or discretionary rather than arithmetical. In this, his duties are broader than those of the Secretary of State when a petition for the initiative or referendum is presented under the amendment

to the Constitution of Missouri. [See, State ex rel. Kemper v. Carter, 257 Mo. l. c. 77, 165 S. W. 780.]"

As to the nature of the duty to be performed by the clerk, this court has heretofore spoken in the case of State ex rel. Crow v. Carothers, 204 Mo. App. 209.

In the above case this court held that in passing on the sufficiency of the petition the clerk acted in a *quasi*-judicial capacity and mandamus would not lie to compel him to submit the petition and his finding to the city council.

It has long been the settled law of this State that our courts will not interfere with either of the coordinate departments of government in the exercise of their powers, except to enforce ministerial acts required by law that leaves to the officer no discretion. [State ex rel. v. Meier, 143 Mo. 439.]

Legislative powers have been delegated to the City Council of Kansas City, Missouri. The city charter provides for legislation by the people through initiative petition. The charter wisely provides that these petitions be signed by electors of the city for otherwise nonresidents could compel the city council to submit multitudinous laws to be passed upon the electors of the city. To the avoidance of such a dilemma, the duty of determining the sufficiency is delegated to the city clerk. Mere ministerial power could not and would not avoid such dilemma. The very purpose of the law would be defeated if the power delegated to the clerk was not *quasi*-judicial. We therefore conclude that the power delegated to the clerk by the city charter is *quasi*-judicial.

It follows that for this court to interfere by granting relator's writ would be for this court to interfere with a coordinate department of government.

As the issues of this case are concluded by such prime principles of law, we deem it unnecessary to comment upon a multitude of questions that are presented in the voluminous briefs filed herein. We, therefore, conclude by giving consideration of but one further question raised by the relator. It is urged that the act of the city council in granting additional time to the clerk justifies the issuance of the writ asked.

We conclude that this is not a proper proceeding in which to determine that question. We are not called upon herein to compel the clerk to act in any specific time. The nature of the clerk's act and not the question of time is herein involved.

We would further add that the first petition was filed on March 26, 1934. It is shown that the relator availed himself of the extension granted and on May 18, 1934, was permitted to file and have considered his supplemental petition which, if no extensions had been granted, would have been out of time.

Peremptory writ denied and alternative writ quashed. All concur.