## In re INITIATIVE PETITION NO. 2, CITY OF CHANDLER.

No. 22577. Feb. 12, 1935.

James A. Embry, for plaintiff in error.

Clyde L. Andrews, for defendant in error.

RILEY, J. This is an appeal from the finding of the city clerk of the city of Chandler, holding insufficient an initiative petition which sought an election on the question of the repeal of the city charter of said city and return to the statutory form of city government. See section 4504, C. O. S. 1921, also section 6647, C. O. S. 1921.

The latter section of the statute makes applicable so far as practical the provisions of chapter 50, C. O. S. 1321 (ch. 30, O. S. 1931), relating to state initiative and referendum procedure, to the cities and towns in "all matters concerning the operation of the initiative and referendum in its municipal legislation on which such city or town has not made or does not make conflicting provisions."

In such cases the duties required of the Governor and Secretary of State "shall be performed as to such municipal legislation by the chief executive and the chief clerk", of the cities and towns. By the same analogy the trial on appeal is de novo.

On June 3, 1931, proponents of the proposed petition filed with the said city clerk pamphlets embodying the petition signed by 305 persons, represented as being qualified electors within said city. The certificate of the secretary of the county election board contained in the record shows a total vote of 1,052 cast at the preceding general election held in said city.

Section 4504, C. O. S. 1921 (Sec. 6429 O. S. 1931) requires of such a petition signatures of a number of such electors "equal to 25 per centum of the total number of votes at the last general or special election held in such municipality."

The record and brief of petitioner filed in this court shows that prior to hearing on the sufficiency of the initiative petition there was filed in the office of the city clerk an instrument requesting withdrawal of names from the initiative petition. These citizens who requested, by the instrument, withdrawal of their names from the initiative petition were sufficient in number to reduce the signatures on the initiative petition below the per centum required by law to authorize the calling of the election.

On July 2, 1931, the city clerk held the initiative petition insufficient. The proponents have appealed, filed as evidence in this court the certified record of proceedings had before the city clerk and briefed as ground for reversal the sole question of law, the right of signers to withdraw their names from the initiative petition.

The respondents have been in default since April, 1932. Final assignment of this cause was made January 23, 1935.

The general rule followed by this court that effective withdrawal may be made prior to action thereon from certain petitions, such as for change in school districts, is sought to be distinguished on the alleged ground that authority to act in such cases comes from the petition itself, whereas in the instant case final action comes from the people, at the election on the proposed measure. This is not a logical distinction. The act here sought to be enforced is the issuance of a proclamation by the executive authority calling an election. Mills et al. v. Lynch, Co. Supt., et al., 121 Okla. 101,

247 P. 981; School Dist. 24, Custer County, v. Renick, Co. Supt., 83 Okla. 158, 201 P. 241.

No provision appears either in our Constitution, the charter of the city, or general laws of the state for withdrawal of names from an initiative petition. Nevertheless, the great majority of cases recognizes the right of withdrawal as incidental to the right of petition itself. A conflict exists, however, as to the period within which this right may be exercised.

No authority has been found which denies to a petitioner the right to withdraw his name while the petition is being circulated and before it has been presented to the person or body with whom it is required to be filed. Neither do any of the authorities recognize the right of a petitioner to withdraw his name from a petition after it has been finally acted upon and the prayer thereof has been granted by the person or body who is required to act upon it. Coghlan v. Cuskelly (1932) N. D.) 244 N. W. 39.

In Uhl v. Collins (Cal.) 17 P. (2d) 99, 85 A. L. R. 1370, it was held the signers of an initiative petition might withdraw their names therefrom before filing of the petition, but not thereafter. That case followed the rule in California (Beecham v. Burns [1917] 34 Cal. 754, 168 P. 1058); and in Nevada (State ex rel. Matzdorf v. Scott [1930] 52 Nev. 216, 285 P. 511, Id., 52 Nev. 232, 286 P. 119), and in North Dakota (Coghlan v. Cuskelly, 244 N. W. 39), and in New Jersey (Ford v. Gilbert, 89 N. J. L. 482, 99 Atl. 621); and in Washington (State ex rel. Harris v. Hinkle, 130 Wash. 419, 227 P. 861.)

But this court is committed to the doctrine, in the absence of statute, which permits withdrawal after filing a petition and before action thereon is taken.

Such is the rule in West Virginia (State ex rel. Noyes v. Lane, 89 W. Va. 744, 110 S. E. 180); and Kansas (Hay v. Dorn, 93 Kan. 392, 144 P. 235); and Nebraska (Ray v. Colby & Tenney, 5 Neb. (Unof.) 151, 97 N. W. 591); and Missouri (Dagley v. McIndoe, 190 Mo. App. 166, 176 S. W. 243). See, also, State ex rel. Mohr v. Seattle, 59 Wash. 68, 109 P. 309, and Roominger v. Nellor, 97 Wash. 693, 167 P. 57, Terr. of N. M. ex rel. Stockard v. City of Roswell (N. M.) 117 P. 846, 35 L. R. A. (N. S.) 1113. See, also, annotation, 92 A. L. R. p. 1513.

The authorities denying the right to with-

draw subsequent to filing and prior to certification or action on petition seem to base their reasoning on abuses anticipated and contemplated but not real. All human devices for government are subject to abuses. Courts exist to correct them. Doubtless many petitions are signed from motivations of caprice, good nature, thoughtlessness, malice, coercion, and hope of reward, rather than from more exalted motives, patriotic purposes, and redress of real or fancied grievances.

Each petitioner acts on his own responsibility, and if he should change his mind, or if he should have been induced to sign under misapprehension or through undue influence, he ought to have the right to correct his mistake, if he does so before the rights of others have attached by final action on the part of the officers or board to whom the petition is addressed.

To absolutely prohibit a citizen from withdrawing his name from a petition voluntarily signed by him, at any time after it has been filed, but before action is had either on the sufficiency of the petition or on the relief sought by the petition, would be a harsh and unreasonable rule and one apt to work hardships and cause useless government and individual expense. Generally, parties act from honest motives. Little v. Bd. of Sup'rs of Vermillion Co., 198 Ill. 205, 65 N. E. 78.

A liberal interpretation in favor of petitioners, enjoined upon us by the statute, section 4504, supra (sec. 6429, O. S. 1921), prevails so as to allow withdrawal of names by petitioner as sought in the case at bar. See, also, Caruth, Mayor, v. State ex rel. Tobin et al., 101 Okla. 93, 223 P. 186; Pawhuska v. Pawhuska O. & G. Co. et al., 28 Okla. 565, 115 P. 353; In re Initiative Petition No. 23, 35 Okla. 49, 127 P. 862.

Judgment is rendered sustaining the rule from which the appeal is taken, holding the initiative petition insufficient.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, WELCH, CORN, and GIBSON, JJ., concur. PHELPS, J., absent.