## SCHOOL DISTRICT NO. 24 OF CUSTER CO. v. RENICK, Co. Supt.

No. 12336—Opinion Filed Oct. 4, 1921.

(Syllabus.)

1. Schools and School Districts — Consolidated Districts — Formation — Procedure.

A special meeting of the voters of any two or more adjacent school districts, or parts of districts or territory, may be called for the purpose of establishing a consolidated school, said call to be made by the county superintendent of public instruction, upon petition signed by one-half of the legal voters residing in each district of the territory proposed to be included in the consolidated district. The meeting shall be held at some convenient point, to be named by such superintendent. Notices of said special meeting shall be posted in at least five public places

in each of the districts, or parts of districts, proposed to be consolidated, at least ten days prior to date of said meeting, and also by publication for at least two consecutive weeks in a weekly paper, if same be published in the school district, and in addition thereto, notices of said special meeting shall be mailed by such county superintendent to each voter residing in the districts proposed to be consolidated. Chapter 186, Session Laws of 1919.

**2. Same—Petition by Voters —Withdrawal of Name—Effect.**

A qualified voter signing such petition has the absolute right to withdraw his name from such petition at any time before the petition is acted upon and the election called by the county superintendent. Upon such name being withdrawn from the petition, it cannot thereafter be counted as one of the signers of said petition to make up the requisite number of one-half of the legal voters residing in such district.

Error from District Court, ·Custer County; Thomas A. Edwards, Judge.

Action by School District No. 24 of Custer County against Elizabeth Renick, County Superintendent of Public Instruction of Custer ·County, asking for an injunction against the defendant in her official capacity. Injunction denied. Plaintiff appeals. Reversed and remanded, with instructions.

Henry Bulow and E. L. Mitchell, for plaintiff in error.

Sam L. Darrah and A. E. Darnell, for defendant in error.

MILLER, J. This action 'was commenced in the district court of ·Custer county, by school district No. 24, of ·Custer county, against Elizabeth Renick, county superintendent of public instruction of said county, asking that said county superintendent be enjoined from calling a meeting of the voters of certain districts to form a consolidated school district including, among others, district No. 24.

A temporary order of injunction was issued by the county judge in the absence of the district judge from the county.

On the 5th day of May, 1921, the case was tried to the court without the intervention of a jury. At the close of the plaintiff's testimony, the defendant interposed a demurrer to the evidence, which demurrer was, by the court, sustained, and judgment rendered dissolving the temporary injunction. The plaintiff filed a motion for a new trial, which was overruled by the court, saved all necessary exceptions, gave notice of appeal, and perfected this appeal. The parties will be referred to as they appeared in the lower court.

The admitted facts are as follows: Petitions were circulated throughout various school districts in the vicinity of Thomas for the purpose of securing the signatures of the legal voters of such districts, asking that the county superintendent call a meeting of all 'the voters to vote upon the question of consolidating the several school districts into one consolidated school district. More than one-half, or about 35, of the 60 voters in school district No. 24 signed the petitions. The petitions so circulated were filed with the county superintendent from the 16th to the 19th of October, 1920. On the 20th day of October, 1920, and before the petition had been acted upon by the county superintendent, 30 of the 35 voters residing in district No. 24, who had signed the original 'petition, petitioned the county superintendent, in writing, to strike their names from the original petition. On the same day a remonstrance was filed with the county superintendent containing the names of 47 voters in school district No. 24. The county superintendent ignored the application of the 30 signers to have their names withdrawn from the original petition and proceeded to call the election. It was to prevent the calling of this election that the injunctive relief was sought.

The plaintiff in error makes three assignments of error:

"(1) The court erred in ' overruling the motion of plaintiff in error for a new trial.

"(2) The court erred in sustaining the demurrer to the evidence of the plaintiff in error.

."(3) The court erred in rendering judgment for the defendant in error."

The only question presented here that is necessary for us to pass upon is whether or not these persons who signed the petition could withdraw their names from the petition before the county superintendent had acted upon it by calling the election.

The evidence of the county superintendent discloses that she had not yet called the election. She testified as follows:

"Q. Now, had you taken any action in the way of sending out notices or calling a meeting of the patrons and voters of the district at the time the application was filed to withdraw their names from the petition? A. Yes, sir; I was doing all the work myself and I addressed envelopes at—Q. Had you sent out any notices? A. I sent them out at the same time. Q. Had you sent any notices out? A. No, sir. Q. Well, you hadn't taken any action? A. I thought you meant had I started the work on them? No, I hadn't sent any notices."

The plaintiff in error refers to the school district in the city of Thomas as an inde-

pendent school district. The defendant in error insists that said school district in the city of Thomas is not an independent district. It is unnecessary for us to pass on that question.

The plaintiff in error says that this proceeding was had under House Bill No. 225, chapter 186, Session Laws of 1919. This act of 1919 amended Senate Bill No. 54, chapter 258, of the Session Laws of 1917. The act of 1917 amended section 1, of article 7, of chapter 219, of the Session Laws of 1913. The law relating to independent districts is contained in article 6, chapter 219, Session Laws of 1913. The defendant in error has failed to point out any other section or provision of the statute authorizing the formation of a consolidated school district. Therefore, we assume they are proceeding under chapter 186, Session Laws of 1919. The section of the statute, so far as applicable to this case, reads:

"A special meeting of the voters of any two or more adjacent school districts or parts of districts or territory, may be called for the purpose of establishing a consolidated school, said call to be made by the county superintendent of public instruction, upon petition signed by one-half of the legal voters residing in each district of the territory proposed to be included in the consolidated district. The meeting shall be held at some convenient point to be named by such superintendent. Notices of said special meeting shall be posted in at least five public places in each of the districts or parts of districts, proposed to be consolidated, at least ten days prior to date of said meeting, and also by publication, for at least two consecutive weeks in a weekly paper, if same be published in the school district, and in addition thereto, notices of said special meeting shall be mailed by such county superintendent to each voter residing in the districts proposed to be consolidated. * * *"

The earliest case we find on this question is from Pennsylvania, decided October 29 1883. In re Independent School District, 2 Chester County Reports (Pa.) 132. We will quote from the body of the opinion:

"There is another difficulty in the way of the erection of the contemplated district. The act of Assembly requires that it shall be done upon the petition of not less than 20 taxable inhabitants of the township or townships desiring the formation of the territory upon which they reside, into a separate and independent school district. The petition in this case was signed by 25 taxable inhabitants, but seven of them now object to the formation of the district, and have signed a paper addressed to the court in which they say that they are satisfied with the present school facilities, and that they signed the petition for the new district without due consideration. This leaves but 18 in favor of the new district,—two less than the number contemplated by the act of Assembly. We regret that some of the petitioners are at an inconvenient distance from a school house where a school is maintained, and hope that some way may be found for their proper accommodation, but we cannot relieve them by the erection of this new district."

The Supreme Court of New Mexico, in the case of Territory ex rel. Stockard v. Mayor & City Council of Roswell, 117 Pac. 846, has held that persons who signed a petition to be presented to the mayor and city council, authorizing them to call an election to vote on the question of establishing a commission form of government, may withdraw their names before the petition is acted upon by the mayor and council. In the body of the opinion the court says:

"Various objections against the validity of their action are urged in behalf of the appellee. It is said, for instance, that the right to withdraw under such circumstances would, in its exercise, be subject to great abuses. That is no doubt true; but it is probably true of all human devices for government which ever have been or ever will be put in operation. It is true of the right of petition itself, as it is a matter of common knowledge that people will sign petitions, from caprice, good nature, thoughtlessness, malice, fear of injurious consequences to themselves if they refuse, expectation of favor or reward if they consent, as well as from more exalted and patriotic motives. Often they 'sign in haste and repent at leisure.' That may have been the case with the 87 who signified their desire to withdraw from the petition in question. * * * We think the petitioners had the right to withdraw, at least up to the time when the mayor and council acted on the report of the committee. And this conclusion, which seems to us the reasonable and just one, we think has also the better foundation in the authority of decided cases. * * * 'Some of the cases which are most analogous to the one at bar, and which we think best sustain the view we adopt, are: People v. Sawyer, 52 N. Y. 296; Dutten v. Hanover, 42 Ohio St. 215; La Londe v. Barron County, 80 Wis. 380, 49 N. W. 960; Davis v. Henderson, 127 Ky. 13, 104 S. W. 1009, 31 Ky. Law Rep. 1252; Littell v. Vermilion County, 198 Ill. 205, 65 N. E. 78."

In State ex rel. Andrews v. Boyden et al., 21 S. Dak. 6. 15 A. & E. Ann. Cas. 1122, the syllabus reads:

"Under the provision of the South Dakota Constitution that whenever a majority of the legal voters of a county shall petition the board of county commissioners to change the location of the county seat the board shall submit the question to the vot-

ers at the next general election, the signers of such a petition have the right to withdraw their names before final action has been taken thereon, and withdrawn names cannot be counted to make up the requisite number of voters."

In Malcomson v. Strong et al., 245 Ill. 166, 91 N. E. 1036, paragraphs one and two of the syllabus read:

"Voluntary subscribers to a petition may withdraw their names at any time before it is finally acted on.

"Where highway commissioners merely meet and note that a petition has been filed, fix a date for its consideration, and order the town clerk to give notice, it is not such final action thereon as deprives subscribers of the right to withdraw."

See Barton v. Edwards, 143 Ky. 713, 137 S. W. 218; State v. Seattle, 59 Wash. 68, 109 Pac. 309.

Defendant in error cites School District No. 11 v. School District No. 20, 63 Ark. 540, 39 S. W. 850. She contends this opinion sustains her theory that good cause must be shown before a person may withdraw his name from a petition. Paragraph four of the syllabus reads:

"A signer of a petition to change school district boundaries should be permitted, on application to the county court while the petition is pending therein, to remove his name from the petition, on a showing that he signed it under a mistake of fact, produced by misrepresentations."

An examination of the opinion discloses that evidence tending to show mistake of fact produced by misrepresentations had been proffered, but excluded by the trial court. The Supreme Court of Arkansas was only holding that this evidence should have been admitted. In the body of the opinion this statement appears:

"Without deciding whether or not a signer of a petition should be privileged to have his name taken off the petition as a matter of right, and without good cause shown, especially when the request to that end is made after the petition has been considered and acted upon in the county court, yet as the application was made to the county court in this instance, and reiterated in the circuit court on appeal, with an offer to make a good showing therefor, we think the three Bamsons should have been permitted to erase their names from the petition, on such showing having been made."

In People ex rel. Koensgen et al. v. Strawn et al., 265 Ill. 292, 106 N. E. 840, paragraph 12 of the syllabus reads:

"A petition for the organization of a school district, which after certain names had been withdrawn therefrom was without a majority of the legal voters, left the trustees without jurisdiction to proceed, so that an order creating the district was void."

We do not think it is necessary for a person to give any reason why he withdraws his name from a petition thus signed by him where no action has been taken on the petition. It is not for a court to determine whether his reason for withdrawing his name is sufficient or not. He was induced to sign the petition under some representations made by the person or persons seeking his signature. The ingenious argument that may have been made to induce him to sign the petition was probably sufficient to satisfy his mind, and he acted upon the representations made in such argument. He may find out that he has acted on a misapprehension of the facts, or that the results to be obtained are not as he understood them in his own mind. Where the petition has not been acted upon by the officers clothed with the authority to act upon it, a signer has an absolute right to withdraw his name from the petition. It is not within the province of any court to inquire into the psychology of his mind or the sufficiency of his reasons for withdrawing his name from the petition.

It is conceded that if these names are legally withdrawn, there is not a sufficient number of petitioners to authorize the election to be called so as to include school district No. 24 in the proposed consolidated district. These signers had withdrawn their names from the petition; therefore, their names could not be counted, and the county superintendent was without authority to call any election for the consolidating of school districts which would include school district No. 24.

The judgment of the trial court is reversed, with instructions to grant the plaintiff a new trial and proceed in accordance with the views herein expressed.

HARRISON, C. J., and KANE, JOHNSON, and ELTING, JJ., concur.