MILLS et al. v. LYNCH, County Supt., et al.

No. 17288—Opinion Filed June 29, 1926.

(Syllabus.)

1. Schools and School Districts—Consolidation of Districts—Procedure—Petition by Voters.

By the provisions of section 10462, Comp. Stat. 1921, all or a part of any school district adjacent to a consolidated school district shall be attached to and become a part of such consolidated district upon petition to the county superintendent, signed by a majority of the legal voters of such territory desiring to be attached and by the board of directors of such consolidated district.

2. Same—Sufficiency of Petition — Withdrawal of Name by Signer.

A voter signing a petition for the consolidation of school districts has the absolute right to withdraw his name therefrom at any time before said petition is acted upon, and when such name is so withdrawn, it cannot thereafter be counted as one of the signers of said petition.

3. Same—Insufficiency of Signers—Effect.

A petition to attach all or any part of a school district adjacent to a consolidated district, to such consolidated district, which does not contain the names of a majority of the voters in said district or territory desiring to be attached, is insufficient to authorize the county superintendent to make an order consolidating said districts.

On writ of certiorari on application of J. L. Mills et al., against A. G. Lynch, County Superintendent of Public Instruction of Kingfisher County, and others. Reversed, with directions to dismiss.

H. C. Brownlee and E. D. Brownlee, for plaintiffs.

R. F. Shutler, for defendants.

NICHOLSON, C. J. This cause is here by certiorari to review the action of the county superintendent of public instruction of Kingfisher county, in ordering the annexation of school district No. 49 to consolidated school district No. 2, of said county.

At the time this proceeding was had, there were 64 legal voters residing in school district No. 49. On February 11, 1926, a petition bearing the names of 35 voters of said district was presented to the county superintendent, asking that said district be

consolidated with consolidated school district No. 2. Afterwards, and before said petition was acted upon by the county superintendent, four of the persons signing said petition removed from said district, and 9 others who had signed such petitions withdrew, in writing, their names therefrom. On March 9, 1926, the county superintendent, acting upon the petition as filed, made the order of consolidation here complained of.

By the provisions of section 10462, Comp. Stat. 1921, all or a part of any school district adjacent to a consolidated school district shall be attached to and become a part of such consolidated district upon petition to the county superintendent signed by a majority of the legal voters of such territory desiring to be attached and by the board of directors of such consolidated district. By these provisions the county superintendent was authorized to make the order of consolidation only upon a petition signed by a majority of the legal voters of the district. These voters withdrawing their names had a right to do so at any time before the petition was acted upon by the county superintendent, and the names so withdrawn could not be counted as signers of the petition. School District No. 24, Custer County, v. Renick, County Superintendent, 83 Okla. 158, 201 Pac. 241. The petition, when acted upon, did not contain a majority of the legal voters of the district, and the county superintendent was without authority to order the consolidation.

The cause is reversed, with directions to dismiss the petition.

All the Justices concur, except PHELPS, J., absent.