**RAMSEY et al. v. COUNTY COM'RS OF PAYNE COUNTY et al.**

No. 20494.    Opinion Filed June 16, 1931.

J. M. Springer, for petitioners.

Ernest F. Jenkins, County Attorney, and Wilcox & Swank, for respondents.

RILEY, J. This is a proceeding in certiorari to review the actions of the county superintendent of Payne county, and the board of county commissioners of said county on appeal, in the annexation of certain outlying territory to the independent school district of the town of Perkins known as school district No. 56.

Upon the filing of the petition for the writ, this court issued an order commanding the defendants to send said appeal together with the testimony given and offered on the hearing thereof and all things touching and concerning the same and all papers in the case, to this court, which has been done.

This brings up for review the sole question whether the county superintendent and the board of county commissioners, on appeal, kept within or exceeded the jurisdiction conferred upon them by law in the proceedings before them respectively.

Section 10405, C. O. S. 1921, provides, in part, as follows:

"Territory outside the limit of any city or town within an independent district may be added to or detached from such city or town for school purposes upon petition to the county superintendent of public instruction by a majority of the qualified electors of the territory desiring to be attached to * * * such city or town, and if he deem it proper and to the best interests of the school of such city or town, he shall issue an order attaching such territory to * * * such city or town for school purposes."

Petitioners first contend that the county superintendent has no jurisdiction or authority under said section to attach territory to such a school district "unless such territory is attached or adjoined on to the corporate limits of the city or town." In other words, the contention is, where outlying territory adjoins that already attached, the same cannot be added unless it actually adjoins the city or town limits. Such is the situation in the instant case. It must be conceded that Common School Dist. No. 49 v. Wolfe, County Superintendent, 94 Okla. 87, 221 Pac. 42, is authority for the annexation of all the territory comprising a common school district to an independent school district, for school purposes only. But the precise question here presented does not appear to have been involved therein, for the reason that from all that appears in that case the territory comprising the common school district there involved may have been actually adjoining the corporate limits of the town of Jet. Petitioners assert that the question they are urging has never been passed upon in this jurisdiction. Defendants contend that School Dist. No. 49 v. Wolfe, supra, and Fowler v. Green, 73 Okla. 319, 176 Pac. 222, decide this question against petitioner.

But we think the precise question here presented was not involved in either of the above cases, but School District No. 74, Kingfisher County, v. W. C. Long, County Clerk, 2 Okla. 460, 37 Pac. 601, does decide the question. The statute then in force authorizing the annexation of outlying territory to the city, town, or village for school purposes provided that territory outside the limits of any city, town, or village, but adjoining thereto (or language which was held to mean that), might be attached thereto. Notwithstanding the specific provision that the territory should be "adjoining thereto," it was held:

"Under an act of the Legislature, which provides that territory outside of the limits of the city, but adjoining thereto, may be attached to such city for school purposes upon application to the board of education of said city, by a majority of the electors of such adjacent territory, it is not necessary that the lands attached, as described by the survey, should lie next to or contiguous to the city limits, but lands which lie adjacent to the city limits but join and are a part of the entire body of lands which are attached to such city for school purposes, may be attached."

The section therein referred to was section 2, art. 7, ch. 73, Laws of Oklahoma, 1893. The section seems to have been amended so as to eliminate the words "adjoining thereto" to conform with the holding of the court in School Dist. No. 74 v. Long, supra.

Mr. Justice Bierer, speaking for the court in discussing the question, said:

"It intended that, taking the entire territory together, composed of the tracts adjoining the city and those farther out but adjacent thereto, such territory might be attached when a majority of the electors of such entire body are willing that such territory composed of all of such lands should be attached."

We think the reasons stated in that case cover the situation here and deem it necessary to further discuss that question. The contention of plaintiffs in this regard cannot be sustained.

It is next contended that under the record the county superintendent was without jurisdiction to make the order of annexation for the reason that although he had before him, and on file in his office, a petition signed by a majority of the qualified electors of the territory sought to be annexed, certain of such petitioners had signed a remonstrance or withdrawal of their names from the petition, so that at the time the order was made less than a majority of the qualified electors were in favor of the purported annexation. It is admitted, however, that this remonstrance or withdrawal of names from said petition was not filed with or presented to the county superintendent until after he had made the order annexing the territory and given notice thereof as provided by law. The record shows that the order of annexation was made on May 3, 1929, and notice issued to the school district clerks on that date. The remonstrances and withdrawals were not presented to him until May 7th. It is conceded that the number of qualified electors in the territory involved was 66; that at the time the order was made the petition contained the names of 38 of such electors; that no withdrawal or notice of withdrawals had been presented to the county superintendent before or at the time the order was made. We think the county superintendent had jurisdiction to make the order, and the fact that some eight of the petitioners had signed a withdrawal, though not presented to the county superintendent, did not deprive him of that jurisdiction. Mills et al. v. Lynch, County Supt., et al., 121 Okla. 101, 247 Pac. 981, and Sch. Dist. No. 24, Custer County, v. Renick, County Supt., 83 Okla. 158, 201 Pac. 241, are authority for the right of any petitioner in this class of cases to withdraw his name from such petition. But in both of these cases it is said that the right of withdrawal exists only before the petition is acted upon.

Plaintiffs in their brief say:

"It is only fair to the superintendent of public instruction in this case to say that the withdrawals and remonstrances were not presented to him before the order of attachment was made for the simple reason that an opportunity to do so was not afforded, but they were presented to the county commissioners and the whole thing was before the county commissioners at the time of the hearing on the 17th day of June, both the remonstrance and the withdrawals."

They cite no authority for holding that such withdrawals are effective in a proceeding upon appeal to the board of county commissioners so as to deprive the board of county commissioners of jurisdiction to hear and determine the appeal, and we have found no such authority.

The only question presented here is whether or not the county superintendent and the board of county commissioners kept within or exceeded the jurisdiction conferred upon them by law. Argabright v. Christison, 142 Okla. 243, 286 Pac. 347.

If the county superintendent was without jurisdiction to make the order of annexation at the time it was made, then, of course the order of the county commissioners affirming the action of the county superintendent would be a nullity. How, then, under the

statute, does the county superintendent acquire jurisdiction in such matter? Clearly by the filing with him of a petition containing the signatures of a majority of the qualified electors of the territory sought to be attached. This it is conceded he had. He was then authorized to decide whether or not he should deem it proper and for the best interests of the school of the town of Perkins to make the annexation, that is: (1st) Was it proper under the circumstances that he accede to the request of the majority of the qualified electors of the territory to be attached? And (2nd) would it be to the best interest of the school of the town of Perkins that he do so? "If he deem it proper and to the best interest of the school, * * * he shall issue an order attaching such territory" (sec. 10405, supra). Having acquired jurisdiction by the filing of the petition, the statute conferred upon him the power to decide the questions of propriety and interest and the power to make the order accordingly.

How in such cases does the board of county commissioners acquire jurisdiction upon appeal?

Section 10405, supra, in part, provides:

"Provided; that if any party or parties should object to the changing of the school district boundaries, they shall have the right of appeal as provided for appealing from the decision of such county superintendent in changing the boundaries of other school districts."

Section 10321, C. O. S. 1921, provides the time for and the manner of taking the appeal; within ten days after the posting of alteration order of the district, written notice stating fully the objection to the action taken by the county superintendent shall be served upon him and a copy thereof filed with the county clerk, and also with the clerk of all the districts affected by the alteration. Such appeal shall then be heard and determined by a majority of the board. It is by this notice and the service thereof that the board of county commissioners acquires jurisdiction.

The objection stated in the notice of appeal in the instant case:

"We say and allege that no petition was ever filed with said county superintendent of public instruction containing the names of more than one-half of the legal electors of said district as required by law. Second. More than twelve of those signing said petition have withdrawn their names therefrom. Third. Many of those names appearing on the petition also signed a remonstrance to the same. * * *"

"We also say and allege that the county superintendent of public instruction has no right, jurisdiction, or authority, under the law, to consolidate or attach or annex district No. 39, to or with district No. 56."

The only question raised by the notice of appeal going to the sufficiency of the petition was whether or not at the time it was acted upon by the county superintendent it was signed by a majority of the qualified electors of the territory sought to be annexed, and whether at that time a sufficient number of the signers had withdrawn from said petition, and so indicated to the county superintendent, to reduce the number in favor thereof to less than a majority. We do not think the board of county commissioners was authorized to consider withdrawals or protests presented to the county superintendent four days after he had acted upon the petition.

The question of propriety or impropriety of the annexation cannot be here considered, neither can alleged errors in determining this question.

Upon review of the entire proceedings, judgment must be and is hereby entered for respondents.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. HEFNER and ANDREWS, JJ., absent.