## SCHOOL DISTRICT NO. 9, CARTER COUNTY, et al. v. DICKSON CONSOLIDATED SCHOOL DIST. NO. 77.

No. 27653. Sept. 28, 1937.

Rehearing Denied Oct. 26, 1937.

Stephen A. George, for plaintiffs in error.

Marvin Shilling, for defendant in error.

HURST, J. The question for decision in this case is whether qualified electors of a school district signing a petition asking the county superintendent to attach that school district to an adjoining consolidated district can, after the petition is approved by the county superintendent and an appeal is lodged in the county court, withdraw their names from such petition as a matter of right. The case arose under the following circumstances: A petition signed by a majority of the qualified electors of school district No. 9 of Carter county, requesting the county superintendent to attach said district to consolidated school district No. 77 of said county, was filed with the county superintendent of said county, and the school board of consolidated school district No. 77 joined in said petition. The county superintendent set said petition for hearing and gave notice of hearing the same as required by law, and on the day the same was set for hearing no one appeared to object to the same and the order was made approving the petition. Five days thereafter notice of appeal, signed by more than one-fourth of the taxpayers residing in district No. 9, was filed with the county superintendent, and the appeal was accordingly lodged in the county court. On the day the case came on for trial in the county court, protests were filed against the consolidation, signed by a large number of persons purporting to be patrons and legal voters of school district No. 9, and in which it was stated that signers desired to withdraw their names from the original petition filed with the county superintendent on the ground that their signatures were obtained under a misapprehension of fact. The county court heard evidence and made a finding that by eliminating the names of those seeking to withdraw from the petition, there would remain less than one-third of the legal voters of said district petitioning for the annexation, but the court found that no fraud was shown in the procurement of the signatures to the original petition and that the names could not be withdrawn after the petition was acted upon by the county superintendent and such attempted withdrawal could not be considered by the court, and judgment was entered sustaining the order of the county superintendent annexing school district No. 9 to consolidated school district No. 77. From that judgment this appeal was taken by transcript and none of the evidence was incorporated in the record.

Section 6771, O. S. 1931, provides, in part, as follows:

"No district shall be changed under the provisions of this section, except upon a petition to the county superintendent of public instruction, signed by at least one-third (1/3) of the qualified electors of the district petitioning for the change; provided, that one-fourth (1/4) of the qualified electors of any district affected by such change may join in an appeal to the board of county commissioners from the action of such county superintendent, and their decision shall be final: Provided, further, that notice of such appeal shall be served on such county superintendent within ten (10) days after the time of posting the formation or alteration of such district. Such notice shall be in writing, and shall

state fully the objections to the action of such county superintendent, a copy of which shall be filed with the county clerk and also with the clerks of all districts affected by such alteration, and such appeal shall be heard and decided by a majority of the board of county commissioners at their next regular meeting, and if such appeal is not sustained by them, such county superintendent shall proceed to appoint the time and place for said first district meeting, which shall then proceed as required by law. * * *"

Section 6778, O. S. 1931, amended the above section by providing that the appeal should be to the county court. The method of appeal prescribed in the above section was changed by sections 6779 and 6780 'as follows:

(6779) "If the appeal be from any order pertaining to the boundary of any school district, the appeal may be taken by one-fourth of the taxpayers residing in the territory 'affected by filing the notice of appeal hereinafter provided for. If the appeal be from any order or decision affecting membership of the school board in any school district, the notice of appeal shall be given by the person or persons directly affected thereby. Such notice of appeal shall be in writing 'and shall be filed with the county superintendent, within five days from the date of the rendition of such order or decision. Such notice of appeal need not state any reasons for such appeal. Such matters shall be tried de novo upon appeal."

(6780) "All proceedings in any matter affecting the boundary of any common, union graded or consolidated school district, or the membership of the school board thereof _and any such order or decision so appealed from shall automatically be stayed for a period of five days from the date of the entry or making of such order or decision and no action shall be taken to carry the same out during such five-day period. If the notice of appeal herein provided for be given, then such proceedings shall be further stayed until the final determination of said matter on appeal."

Prior to the enactment of section 6779 and section 6780, this court had held that one signing a petition for change of the boundary of a school district had the absolute right to withdraw his name from the petition at any time before it was acted upon by the county superintendent (School District No. 24 of Custer County v. Renick, Co. Supt. [1921] 83 Okla. 158, 201 P. 241; Mills v. Lynch, Co. Supt. [1926] 121 Okla. 101, 247 P. 981); but that such withdrawal could not be made as a matter of right after the petition was acted upon by the county superintendent. Ramsey v. County Commissioners of Payne County (1931) 149 Okla. 289, 300 P. 389; see, also, to the same effect Valley Center School District No. 20 v. Hansberger (1925, Ariz.) 237 P. 957; State v. Warrick (1921, Neb.) 184 N. W. 896; In re Mercersburg Independent School District (1912, Pa.) 85 Atl. 467; 56 C. J. 222.

The plaintiffs in error, however, contend that since the enactment of section 6779 and section 6780, O. S. 1931, the right of withdrawal obtains even after the appeal is lodged in the county court, for the reason that it is provided th'at the trial in the county court shall be de novo and the order of the county superintendent shall be held in abeyance pending the determination of the appeal by the county court. We do not agree with this contention. The county court has only appellate jurisdiction in such proceeding. Jurisdiction in the county court attaches when the 'appeal is perfected as provided by statute and cannot be divested by the attempted withdrawal as in the case at bar. In the case of In re Mercersburg Independent School District, supra, it w'as said that the fact that several petitioners desired to withdraw their names from the petition after jurisdiction had attached should be taken into consideration by the court in determining the merits of the appeal. It was further held that jurisdiction attached when the petition was 'acted upon by the officer having original jurisdiction. Since the evidence is not before us, we are not able to say that the court was in error in sustaining the annexation.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and CORN. JJ.. concur.