BERRYMAN et al. v. HOWELL et al.

No. 31361. June 6, 1944.

*149 P. 2d 505.*

Nolen & Ross, of Okemah, for petitioners.

J. M. Huser and R. J. Roberts, both of Wewoka, for respondents.

HURST, J. On October 12, 1942, the county superintendent of Seminole county made an order transferring a portion of the territory of school district No. 28 of Okfuskee county to consolidated school district No. 2 of Seminole county. On appeal, the order was affirmed by the district court of Seminole county. We granted a writ of certiorari to review the proceedings to determine whether the county superintendent and the district court exceeded their jurisdiction. The proceedings are governed by 70 O. S. 1941 § § 890.1—890.8, known as Senate Bill No. 81 of the 18th Legislature. The bill was repealed by Senate Bill No. 5 of the 19th Legislature, S. L. 1943, pages 208-210.

The petitioners do not separate their specifications of error or contentions as required by rule 15 (177 Okla. vii), but as we understand their brief they contend that the judgment of the district court should be reversed, (a) because none of those signing the petition for change of boundary of the two districts were property owners in school district No. 28, (b) because the petition was not signed by the required number of persons, (c) because some of those signing the petition withdrew their names, leaving an insufficient number of signers, and (d) because the signatures of those signing the petition were obtained by coercion, misrepresentation, and fraud.

Before disposing of these contentions it may be well to point out that we are committed to the rule that a writ of certiorari brings up for review the sole question of whether the inferior tribunal kept within or exceeded the jurisdiction conferred upon it, and it cannot be used to correct errors of law or fact committed by an inferior tribunal within the limits of its jurisdiction. McCoy v. Hall, 191 Okla. 311, 131 P. 2d 60.

a. The statute, 70 O. S. 1941 § 890.1, provides that the petition for annexation shall be "signed by a majority of the **qualified electors** of each district, or part of district, seeking to be annexed and by a majority of the members of the school district board of the district to which said territory is sought to be annexed." This statute does not require, as urged by petitioners, that those signing the petition be taxpaying electors or property owners.

b. The testimony of witnesses taken before the district court is in the record. It discloses that there were twelve qualified electors residing in the territory sought to be annexed. Ten persons purporting to be electors residing in said territory signed the petition. It appears that two of those signing did not reside in said territory. With them eliminated, more than a majority of the qualified electors residing in the territory were signers.

c. It appears that some of those signing the petition for annexation also signed a protest or objection to the annexation, but this was done after the notice had been posted as provided by 70 O. S. 1941 § 890.2. In said section it is provided that "no person who signed said petition shall withdraw his name therefrom after said notices have been posted." Assuming, without deciding, that the signing of the protest had the effect of withdrawing the names from the petition, it came too late to be effective.

d. The record discloses that the superintendent and a member of the board of consolidated school district No. 2 circulated the petition for annexation. The evidence is conflicting as to what was

said to induce the signing of the petition and as to whether coercion, misrepresentation, or fraud was practiced in securing the signatures to the petition. The finding of the district court is supported by the evidence. The district court acted within its jurisdiction in finding this issue against the protestants, the petitioners here.

In the objections and protest filed with the county superintendent it was urged that Senate Bill No. 81, above, was unconstitutional without specifying the reasons, but no such contention is made here. In School District No. 37 v. Latimer, 190 Okla. 620, 126 P. 2d 280, we sustained the statute as against an attack on certain constitutional grounds.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, DAVISON, and ARNOLD, JJ., concur.