In the Matter of the Protest of the WARREN SCHOOL DISTRICT ELECTION.

Dan ROACH et al., Plaintiffs in Error,

v.

Guy POWERS, County Superintendent of the Schools of Jackson County, Defendant in Error.

No. 40539.

Supreme Court of Oklahoma.
July 23, 1963.

Oden & Oden, by Tal Oden, Altus, for plaintiffs in error.

Loys Criswell, County Atty., Jackson County, Altus, for defendant in error.

BLACKBIRD, Chief Justice.

This cause, instituted below under the terms of 70 O.S.1961 § 7-1(d), presented to the trial court an appeal by the required number of protesting school patrons from an order of the County Superintendent of Schools declaring Warren School District No. D4 (situated in Jackson and Greer Counties) annexed to Friendship School District No. I-5 (of Jackson County). The lower court affirmed the annexation order, finding that: (a) the petition for annexation election contained a sufficient number of signatures as provided by 70 O.S.1961 § 7-1(a); (b) no improper representations were made to procure the signatures on the petition; and (c) the election approving the annexation was valid.

Protesting school patrons urge this court to reverse the trial court's judgment and assert: (1) the Superintendent was without authority to submit the annexation question to a vote because, prior to the election, a withdrawal of signatures by some twenty-nine persons has reduced the number of electors remaining on the petition to less than a majority of qualified school district electors; (2) the signatures upon the annexation petition were procured by improper representations of a circulator and the Superintendent.

The petition requesting an election to annex Warren School District to Friendship was presented to the Superintendent December 19, 1962. The petition admittedly contained the requisite number of signa-

tures to invoke the Superintendent's statutory power to call an election thereon. On the same day, upon checking the list of registered voters, the Superintendent declared the petition "sufficient and valid." Notice of the election was duly given on December 20, 1962. At the election, held on December 31 of that year, the majority of voters participating therein approved Warren's annexation to Friendship, and on January 2, 1963, the Superintendent entered his order declaring the annexation.

It is not disputed that the election itself was conducted in a fair and unbiased manner. Neither is it contended that the Superintendent conducting the election did, in any manner, influence the voters, or that anyone was deprived of an opportunity to freely express a choice for, or against, annexation. As disclosed by the record, the procedure adopted and followed by the Superintendent complied with the provisions of 70 O.S.1961 § 7-1. See, in this connection, Bryant v. Mitchell, Okl., 275 P. 2d 271, 273.

On December 27, 1962, some seven days *after* the annexation election was called, a group of signatories appeared in the Superintendent's office, demanding the "right" to "take off" their names from the petition. In the absence of the Superintendent, who was then out of town, these persons were allowed, by an assistant, to strike their names from the petition. Other signatories, who made a similar demand later, were also given access to the petition and were allowed to draw a line across their names. There were twenty-nine persons in the aggregate, who so sought to withdraw their signatures. It is not controverted that if these names were validly removed and their withdrawals effective, the remaining number of signatures was less than the requisite majority of qualified school district electors of Warren. 70 O.S.1961 § 7-1(a).

In the absence of a statute providing otherwise, a signatory of a petition for a change in the boundary of a school district has the absolute right to withdraw his name therefrom at any time before such petition

has been acted upon by the official to whom it is directed. The petition is deemed to be acted upon and the jurisdiction of the official attaches, when on determining such petition sufficient, the official calls an election thereon. After the statutory machinery has been set in motion, the right of a signatory to have his signature withdrawn may no longer be effectively exercised. School District No. 24, Custer County v. Renick, County Supt., 83 Okl. 158, 201 P. 241; Mills v. Lynch, County Supt., 121 Okl. 101, 247 P. 981; Ramsey v. County Com'rs. of Payne County, 149 Okl. 289, 300 P. 389; School Dist. No. 9, Carter County v. Dickson Consolidated School Dist. No. 77, Carter County, 181 Okl. 121, 72 P.2d 508, 510; Berryman v. Howell, 194 Okl. 259, 149 P.2d 505, 506.

In 78 C.J.S. Schools and School Districts § 37d(3), p. 706, the general rule is stated thusly:

"A signatory of a petition for the creation or alteration of a school district may have his signature withdrawn before the petition is filed but not after action on the petition has been taken."

Applying the cited authorities, we hold that the attempted withdrawal of twenty-nine signatures came too late to be effective and that the petition contained a sufficient number of signatories to warrant its submission to a vote on the annexation question.

There is evidence of outstanding strength, with little, if any, contradiction, that none of the signatories was induced to sign the petition by an alleged representation that he could withdraw his name "at any time" later. Neither is there any satisfactory proof of other improper representations alleged in the brief of protesting school patrons. Prior to the election, no protest of any kind was made to the petition on the basis of the asserted misrepresentations. These objections, first interposed on appeal to the district court, came too late. Where a petition, clearly stating the question to be voted upon, seeks an annexation election pursuant to the terms of 70 O.S.

1961 § 7–1, and no challenge is made to its validity, the county superintendent's determination that such petition warrants the calling of an election is conclusive as against all objections initially made on appeal to the district court from an order of the county superintendent declaring the annexation in conformity with the results of the election. Barnett v. Allen, 205 Okl. 469, 238 P.2d 811; Dominic v. Davis, Okl., 262 P.2d 143; Grady v. Marshall, Okl., 288 P.2d 1101, 1104; compare: Littlefield v. Howery, Okl., 266 P.2d 957, 958.

The trial court's disposition of appeal is free from errors of law and in accord with the weight of the evidence. It will not be disturbed on review. Jones v. Burkett, Okl., 346 P.2d 338, 341.

Affirmed.