G. R. HENDRICKS, Paul Decker and C. C. Hendricks, Plaintiffs in Error,

v.

E. L. McCREARY, County Superintendent of Schools, Johnston County, Oklahoma, Defendant in Error.

No. 43576.

Supreme Court of Oklahoma.
April 7, 1970.

Don Welch, Jr., Madill, for plaintiffs in error.

J. E. Bullard, Tishomingo, for defendant in error.

JACKSON, Justice.

The procedure pertinent to our inquiry for annexing all or a portion of a school district to an adjacent school district in this state is set out generally in 70 O.S. Supp.1968, Section 7–1. The procedure may be begun by a petition signed by a majority of the school district electors in the area affected, addressed to the County Superintendent, who must call an election upon the petition within fifteen days after the receipt thereof. Sec. 7–1(b) provides:

"The annexation shall be approved by a majority of the school district electors voting at such election, (1) of an entire school district, or (2) if a majority of the members of a board of education of a school district losing the territory concur with the petitioners, only the legal voters of the area so affected would be eligible to vote at such election."

In the case now before us, a majority of the school district electors residing in a specified portion of the Nida School District in Johnston County signed a petition asking for an election for the purpose of annexing that portion to the Silo School District of Bryan County, an adjacent district. Two of the three members of the Nida Board of Education signed the petition as board members. After the petition was filed with the County Superintendent, but before he had acted upon it by giving notice of the election, one of the two board members by written request of the board directed the County Superintendent to remove his name from the petition.

After the County Superintendent had received the board's request on May 22nd, he struck the member's name from the petition and on May 24, 1968, gave notice of an election on the petition at which all of the electors of the Nida School District would be eligible to vote, thus making public his ruling, in effect, that a majority of the members of the Nida Board of Education did not concur with the petitioners. The election was held on June 3, 1968, and the annexation was disapproved.

Three days after the election, three electors residing in the area affected instituted an action in the District Court of Johnston County for a writ of mandamus against the County Superintendent, requiring him to call an election upon the petition at which

only the electors residing in the area affected would be eligible to vote. From the judgment refusing to issue the writ, they now appeal to this court, stating in their brief that the only issue presented is as follows:

"Can one of the Board members who has approved the annexation petition legally remove his name and approval of the petition after the same has been circulated, signed by the required majority of electors, and actually filed in the Office of the County Superintendent?"

In their brief, they concede that under well settled law, an ordinary petitioner, as distinguished from a board member, may remove his name from the petition at any time before the County Superintendent acts upon it by giving notice of the election. See In Re Warren School District Election, Okl., 384 P.2d 49; Berryman v. Howell, 194 Okl. 259, 149 P.2d 505; Ramsey v. County Commissioners of Payne County, 149 Okl. 289, 300 P. 389. This rule has been followed in this state under similar, but not identical, school annexation statutes since the early case of School Dist. No. 24 v. Renick (1921), 83 Okl. 158, 201 P. 241.

Plaintiffs in error argue, without citation of supporting authority, that a different rule should obtain with regard to the school board member, for the reason that " * * one whose signature is necessary before the petition can be circulated is in a different position from one who merely signs the petition".

We are unable to agree that the signature of the school board member is " * * * necessary before the petition can be circulated * * *". Under the statute, an election upon the annexation proposal may be had upon the petition of a majority of the electors residing in the affected area either with or without the concurrence of the school board members. The effect of such concurrence by the board members is merely to restrict the number of people qualified to vote in the subsequent election.

The question as presented in the brief of the plaintiffs in error is whether *one* board member may legally cause his name to be removed from the petition. It is unnecessary for us to answer that question in this decision. The facts in this case are that the County Superintendent acted upon a request in writing signed by all three members of the board. In these circumstances we see no reason why the board could not direct the County Superintendent to strike the member's name from the petition before it is acted upon by the Superintendent. In this connection it is noticed that 70 O.S.Supp.1968, Sec. 7-1(a) provides that an election may be called "(ii) in pursuance of a resolution adopted by the board of education of the district in which the area affected is situated." If the election had been called upon a resolution adopted by the board we see no logical or legal reason why the board could not by resolution withdraw its authorization to call an election before it was acted upon by the County Superintendent.

The judgment of the trial court is affirmed.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, LAVENDER and McINERNEY, JJ., concur.