**TE`O J. FUAVAI, Petitioner,**

**v.**

**DISTRICT COURT OF AMERICAN SAMOA, Respondent.**

High Court of American Samoa
Appellate Division

AP No. 15-98

October 15, 1998

Before KRUSE, Chief Justice, RICHMOND, Associate Justice, LOGOAI, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Petitioner, Arthur Ripley, Jr.
For Respondent, Elvis R.P. Patea, Deputy Attorney General

## ORDER GRANTING MOTION TO DISMISS OR
## QUASH ALTERNATIVE WRIT OF CERTIORARI

On May 1, 1998, petitioner Te`o J. Fuavai ("Te`o") was judged guilty of contempt of court by respondent District Court of American Samoa ("District Court"). Te`o filed a motion for rehearing or reconsideration on May 11, 1998, which the District Court heard and denied on June 3, 1998. On July 23, 1998, Te`o petitioned for a writ of certiorari or for extraordinary relief in the Trial Division of the High Court. That same day, the Trial Division issued an order granting an alternative writ of certiorari. In response, the District Court filed a motion to quash an alternative writ of certiorari. On August 10, 1998, the Trial Division heard the motion and ruled that the matter should be transferred to the Appellate Division of the High Court. That same day, the Appellate Division issued an order granting an alternative writ of certiorari. The District Court now moves to dismiss or quash the alternative writ of certiorari. For the reasons stated below, this motion will be granted.

■ Under H.C.R. 119, no right to appeal a contempt judgment exists. Although certiorari is not a substitute for appeal, *In re Johnson's Adoption*, 110 S.E. 2d 377, 379 (W.Va. 1959), a contempt judgment may be contested by filing a writ of certiorari. H.C.R. 119. The writ brings before the court for inspection the record of the proceedings of an inferior tribunal in order that a superior court may determine from the face of the record whether the inferior court has exceeded its jurisdiction or has not proceeded according to the essential requirements of law. *Wall v. Superior Court Yavapai County*, 89 P.2d 624, 628 (Ariz. 1939). Certiorari is a discretionary form of review, and is not one of right. *Felton v. Barnett*, 912 F.2d 92, 94 (4th Cir. 1990).

■ A writ of certiorari is available for extraordinary relief, and, as such, the petitioner should file a writ in a timely fashion, commensurate with the degree of relief requested. When a *statute* does not prescribe the time within which the right to review must be exercised, such right must be exercised within a reasonable time. *State v. Board of Trustees of Wisconsin Retirement Fund*, 140 N.W.2d 301, 303 (Wis. 1966); *City of Bothell v. King County*, 723 P.2d 547, 549 (Wash. App. 1986).

This court has not directly addressed the issue of when a writ of certiorari to review a contempt judgment must be filed. Te`o failed to offer any analysis on when an appropriate deadline should be set. Rather, Te`o asserts that the time for filing the writ of petition was "reasonable and not dilatory" since no statute or rule sets out time limits on when a writ must be filed. The District Court, on the other hand, proffers that the time limit should be set at 10 days, equating the time period by analogy with the time period for filing an appeal.

As an initial matter, we acknowledge that no express time limit exists for filing a petition for writ of mandamus or other extraordinary writs in the rules. H.C.R. 119; F.R.A.P. 21; 9 J. Moore, MOORE'S FEDERAL PRACTICE, § 221.03 (2d ed. 1996 & Supp. 1996-97). Common law, however, has applied either a laches argument or an analogy to the time for filing an appeal to deny a writ of certiorari. In federal courts, a lapse of time and a material change in a defendant's status is cause to deny a writ of certiorari. *United States v. Olds*, 426 F.2d 562, 566 (3rd Cir. 1970) (writ denied after three month delay in seeking relief); *United States v. Carter*, 270 F.2d 521, 524 (9th Cir. 1959) (four month lag in filing mandamus as well as substantial hardship to defendant resulted in denial of mandamus).

Although laches is applied in state courts, the statutory period for filing an appeal may also be employed to determine the time period. *Gibson v. Pizzino*, 266 S.E.2d 122, 124 (W.Va. Ct. App. 1980); *Board of Trustees*, 140 N.W.2d at 303.

> Where the case arises in the courts, or in judicial proceedings, where the direct notice of the pendency thereof to the parties is jurisdictional, or where the decision of a nonjudicial body is judicial in nature, certiorari must be brought within the time allowable for an appeal as prescribed by statute or court rule. If more than one appeal period is analogous, then the longer appeal period should be applied.

*City of Bothell*, 723 P.2d at 551 (internal citations and quotations omitted). For federal courts, the statutory time period for appeals is not controlling but is persuasive. *Olds*, 426 F.2d at 566.

■ Because of the court's interest in the finality of judgments, *Reid v. Tavete*, 23 A.S.R.2d 101, 104 (Land & Titles Div. 1993), a time limit, in this instance, is necessary, regardless of whether there has been a material change in Te'o's status. Reasoning by analogy, the time period for reviewing an administrative hearing under the Administrative Procedures Act ("APA") is persuasive here. Both review under certiorari and review of an administrative hearing are limited to whether a judicial body acted within the scope of its authority. Review under certiorari does not correct errors of law or fact committed by an inferior tribunal within the limits of its jurisdiction. *Berryman v. Howell*, 149 P.2d 505, 506 (Ok. 1944). Rather a writ of certiorari brings up for review the sole question of whether the inferior tribunal kept within or exceeded the jurisdiction conferred upon it. *Id.*

Review of an administrative hearing is also limited. Administrative review is limited to whether a reasoning mind could reasonably reach the same factual conclusions as did the agency. *Continental Insurance Co. v.*

*Workmen's Compensation Commission of American Samoa*, 8 A.S.R.2d 152, 155 (Appellate Div. 1988) (citation omitted). Review of an agency decision does not include "judicial fact-finding or a substitution of judicial judgment for agency judgment." *Id.*

■ Although the scope of review for agency decisions is not the same as review under a writ of certiorari, the similarities persuade us to use the APA statutory time limit for review. Under the APA, judicial review of an agency decision must be instituted within 30 days after the issuance of the decision. A.S.A.C. § 4.1041; *see also In re Westerlund v. Scanlan*, 4 A.S.R. 998, 1003 (Appellate Div. 1975) (judicial review of a worker's compensation award must be instituted within 30 days of the date of filing of the award).

By his own admission, Te`o acknowledges that he filed his petition in the Trial Division 82 days after being convicted of contempt, 49 days after the denial of the motion for rehearing or reconsideration, and 37 days after the receipt of the June 3 hearing transcript. The relevant time period here is the number of days Te`o filed his petition after the denial of the motion for rehearing or reconsideration. Te`o actually filed his petition 50 days after that denial, exceeding by 20 days the reasonable time limitation now set by this court. Therefore, the District Court's motion to dismiss or quash the alternative writ of certiorari is granted.

It is so ordered.